IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | :: |
| Plaintiff, | :: CIVIL ACTION NO. 10cv2680 |
| v. | :: |
| SARAH VON MULLER, M.D. | :: |
| Defendant. | :: |

## AMENDED COMPLAINT

Plaintiff, the American Board of Internal Medicine ("ABIM"), by its attorneys, as and for its Amended Complaint against Defendant, Sarah Von Muller, M.D. ("Von Muller"), alleges as follows:

## NATURE OF THE ACTION

1. The month before Defendant Sarah Von Muller sat for the ABIM Certifying Examination in Gastroenterology (the "Gastroenterology Examination"), Von Muller knowingly purchased stolen, copyrighted ABIM Examination items for the Gastroenterology Examination. Von Muller purchased the misappropriated Examination questions from Arora Board Review ("ABR"), a test-prep course, in exchange for the sum of $480 and a promise to send questions to ABR after her Examination. Von Muller, who signed multiple confidentiality agreements with ABIM promising to maintain the secrecy of ABIM Examination material, copied and disseminated to ABR over 75 detailed questions from her Gastroenterology Examination. ABIM is seeking monetary and injunctive relief for Von Muller's knowing and willful infringement of ABIM's copyrighted Examination items, misappropriation of trade secrets and breach of contract.

DMEAST #12467856

## PARTIES

2. Plaintiff, American Board of Internal Medicine, is an Iowa non-profit corporation, with its principal place of business at 510 Walnut Street, Suite 1700, Philadelphia, Pennsylvania 19106.

3. On information and belief, Von Muller presently resides at 5262 Oak Leaf Drive, Tulsa, Oklahoma 74131.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and pursuant to the doctrine of supplemental jurisdiction.

5. This Court has personal jurisdiction over Von Muller because, on information and belief, she purposely availed herself of the privilege of doing business in the Commonwealth of Pennsylvania and conducted business transactions and communications with ABIM in Pennsylvania, giving rise to the claims asserted herein.

6. Alternatively, this Court has personal jurisdiction over Von Muller because she directed tortious conduct to the Commonwealth of Pennsylvania by willfully infringing ABIM's copyrighted Gastroenterology Examination and willfully misappropriating trade secrets of ABIM, thereby causing injury to ABIM in Pennsylvania, and by violating her confidentiality agreement entered into with ABIM, which is headquartered in Pennsylvania.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

### The American Board of Internal Medicine

8. Established in 1936, ABIM is an independent, not-for-profit, 501(c)(3)-qualified corporation dedicated to the advancement of excellence in the field of internal medicine and the subspecialties of internal medicine.

9. Certification by ABIM is an internationally recognized marker of physician quality for patients, hospitals and other medical care providers. The designation of a physician as "Board Certified" by ABIM means that the physician has demonstrated – to the medical community and the public – that the physician has the clinical judgment, skills and attitudes essential for the delivery of excellent patient care.

10. Patients, hospitals and other medical care providers trust that physicians who have earned Board Certification from ABIM will provide the highest quality of medical care in their designated specialties.

11. Many hospitals require physicians of internal medicine to be Board Certified in order to have admitting privileges. Many health plans require Board Certification for contracting or eligibility to participate as a physician of internal medicine or the subspecialties in preferred networks.

12. Board Certified physicians often receive higher levels of compensation than non-certified physicians practicing in the same specialties.

13. ABIM grants Board Certification in Internal Medicine to physicians who: 1) successfully complete three years of accredited, post-graduate training in internal medicine and its subspecialties; 2) meet the other requirements for certification; and 3) then pass a secure, proctored, computer-based examination in Internal Medicine.

14. Physicians who are first Board Certified in Internal Medicine, may then, with additional accredited training, become Board Certified by ABIM in one or more of the following subspecialties: Gastroenterology, Adolescent Medicine, Advanced Heart Failure & Transplant Cardiology, Cardiovascular Disease, Pulmonary Disease, Endocrinology, Diabetes & Metabolism, Hematology, Infectious Disease, Nephrology, Rheumatology, Medical Oncology,

Critical Care Medicine, Geriatric Medicine, Clinical Cardiac Electrophysiology, Sports Medicine; Interventional Cardiology, Transplant Hepatology, Sleep Medicine, and Hospice and Palliative Medicine.

**The ABIM Certification Examinations in Internal Medicine and Gastroenterology**

15. Certification in Internal Medicine requires the physician to pass a secure, computer-based examination administered at testing centers nationwide and abroad (the "Internal Medicine Examination"). The Internal Medicine Examination is administered in one day over approximately ten hours. Likewise, subspecialty Certification in Gastroenterology requires the physician to pass a secure, computer-based examination administered at testing centers nationwide and abroad (the "Gastroenterology Examination"). The Gastroenterology Examination is administered in one day over approximately 10 hours. (The Internal Medicine Examination and the Gastroenterology Examination are referred to collectively herein as the "Certification Examinations").

16. The ABIM Certification Examinations are "secure" examinations, using confidential, copyrighted questions not disclosed to anyone except those taking the Certification Examinations and those involved in creating the Certification Examinations.

17. Advance knowledge by a candidate of the content of a Certification Examination question, such as knowledge of question fact patterns, specific question subject matter and potential answers, provides the candidate an unearned advantage that subverts the integrity of the Certification Examination and may permit unqualified physicians to achieve Board Certification in Internal Medicine or its subspecialties.

18. ABIM repeatedly notifies candidates for Board Certification that the Certification Examinations are copyrighted works owned by ABIM and may not be reproduced. For example,

when a Candidate registers to take an Examination, the Candidate must agree to abide by the Policies and Procedures for Certification ("P&P"). The P&P expressly states that ABIM's Examinations are copyrighted and administered in secure testing centers by test administrators who are responsible for the integrity and security of the certification process.

19. In addition, at the time any Certification Examination is administered, Candidates are required to read and electronically sign ABIM's Pledge of Honesty as displayed on their computer screens before they can begin the Examination. The Pledge of Honesty provides:

> I, [candidate's name], pledge that I will not give or receive aid in this Examination. I will not disclose, copy, or reproduce any portion of the material contained in this Examination. I pledge to comply with the instructions of proctors and with all rules of this Examination. I confirm that the information provided in my application to the Board is true and correct.
>
> * * * *
>
> I, [candidate's name], agree to the above statements and agree to be legally bound by the rules and policies of the American Board of Internal Medicine.

20. Following the Pledge of Honesty, the computer displays the following text: "By selecting the Next (N) button, you will be accepting these terms (You will now proceed to the Examination). If you do not accept these terms, raise your hand to notify the test administrator now. (You will not be permitted to proceed to the Examination)."

21. At the conclusion of each Examination, each candidate's computer screen displays the following message:

> **PLEASE NOTE:** In the Pledge of Honesty that you agreed to at the beginning of this Examination, you pledged that you "will not disclose, copy, or reproduce any portion of the material contained in this Examination."
>
> The pledge is intended to ensure fairness to all candidates as well as the integrity of the certification process. Please be aware that sharing information about examination content violates the confidentiality agreement made with the ABIM by all Certification and Maintenance of Certification candidates in that Pledge of Honesty. The ABIM will impose severe penalties on any candidate involved in efforts to provide specific examination question content to others. Penalties may include invalidation of examination results, prohibition from retaking the examination, and revocation of certification.

22. The agreements set forth in paragraphs 18 through 21 above constitute an enforceable confidentiality agreement between each and every candidate for Board Certification in Internal Medicine or any of its subspecialties and ABIM to keep the contents of the Certification Examinations a secret. The confidentiality agreement that each candidate enters with ABIM is continuing and permanent.

**Development of the Certification Examination in Internal Medicine**

23. ABIM develops its Internal Medicine Examination and subspecialty examination questions through a rigorous and costly process. A Test Committee ("Committee"), comprised of physicians from across the United States who are leaders in their fields of medicine and medical education, develops the Examination items. Members of the Committee meet in person two or three times a year to write and evaluate new questions. All Committee members sign agreements with ABIM confirming that ABIM is the copyright owner of all works contributed to or created by the member.

24. The Committee employs a "stepwise" procedure to create new questions. First, the Committee defines a general examination blueprint of areas within internal medicine or the subspecialty area to be tested. The Committee identifies cognitive tasks, such as diagnosis or treatment, and cognitive abilities, such as clinical judgment, to be tested for each area. Committee members write new questions and evaluate draft questions at a meeting in which the questions are read aloud, one by one. The Committee decides by consensus opinion to either: (1) accept the questions for further consideration, (2) revise them at the meeting, (3) assign them to individual test Committee members for extensive revision or (4) reject them. Once a question is accepted, it is pre-tested (used in Examinations but not counted) to assure that it has appropriate measurement characteristics.

25. ABIM maintains an "item bank" of "live" questions from which it can select to create a Certification Examination. Some Examination items are reused and appear on multiple Examinations, especially those that demonstrate repeatedly, through statistical analysis, to be an excellent assessment of the specific subject matter.

26. ABIM must regularly update and re-pretest questions in the live pool to keep them current, and it must also retire questions from its item bank on an ongoing basis when it determines, based on evolving scientific developments in the field of internal medicine, that the questions are no longer current, relevant or fair and are no longer amenable to revision.

27. ABIM strives to create or replace approximately 100 new Gastroenterology Examination questions each year in order to replenish its item bank and to ensure that the Examination reflects current and evolving scientific developments in the field of gastroenterology. ABIM typically pretests approximately 160 questions in order to be left with

80-120 usable questions at the end of the year that meet its rigorous criteria for inclusion as live Gastroenterology Examination questions.

**ABIM's Copyrights in the Examinations**

28. The Gastroenterology Examination is a work made for hire within the meaning of Section 101 of the Copyright Act, and as such was owned and controlled in the first instance by ABIM.

29. ABIM has complied in all respects with the Copyright Act by making all necessary filings with the Register of Copyrights in order to secure the exclusive rights and privileges in and to the copyright in the Certification Examinations, including the Gastroenterology Examinations. ABIM registers each of its Certification Examinations with the United States Copyright Office, in accordance with the procedures for secure tests pursuant to 37 C.F.R. § 202.20. ABIM has received Certificates of Registration from the Register of Copyrights for its secure Gastroenterology Examinations administered during 2008 (TX 7-116-697; TX 7-126-342). True and correct copies of these Certificates of Registration are attached hereto as Exhibit A.

30. At no time has ABIM authorized Von Muller or any third party to make any use or adaptation of ABIM's copyrighted, secure Gastroenterology Examination questions.

**Von Muller's Unlawful Conduct**

31. Prior to taking the November 2008 Gastroenterology Examination, Defendant Von Muller had taken five prior ABIM Certification Examinations. Each time Von Muller sat for these six Examinations, she agreed to abide by ABIM's Policies and Procedures and agreed to ABIM's Pledge of Honesty.

32. On or about March 3, 2008, Von Muller registered for the November 2008 Gastroenterology Examination through the ABIM website and again agreed to abide by ABIM's Policies and Procedures for the Examination.

33. Approximately one month before taking the November 2008 Gastroenterology Examination, Von Muller contacted Arora Board Review ("ABR") seeking study material for her upcoming Examination.

34. Dr. Rajender K. Arora ("Arora") of ABR advised Von Muller that he had "actual" ABIM Examination items, and offered to sell them to Von Muller for $480 and a promise to send questions after the ABIM Gastroenterology Examination:

> My collection from previous GI exams includes 41 pages of material containing over 150 actual questions and my answers with some references. The total cost is $480 + your promise to send some questions soon after the exam. If you wish, you can join forces with me to give GI conference on the same next year.

35. Von Muller purchased the infringing ABIM Gastroenterology materials and agreed to send questions to ABR after the Examination. A copy of Von Muller's email correspondence with Arora is attached hereto as Exhibit B.

36. Von Muller took the Gastroenterology Examination on November 1, 2008. At the beginning of the Gastroenterology Examination, Von Muller electronically signed ABIM's Pledge of Honesty, in which she promised not to disclose, copy or reproduce any portion of the material contained in the Gastroenterology Examination.

37. On November 24, 2008, Von Muller sent an email to ABR informing Dr. Arora that she soon would send questions from the Gastroenterology Examination: "I am currently typing my thoughts regarding the experience. They are numerous, please give me a few weeks to get back to you."

38. In a December 16, 2008 email, Von Muller apprised Arora of her progress, "I am about half way through the task. I think I will end up with ~ 60 questions or so! I will get them to you ASAP!" Arora responded: "Very good – 60 questions will be great to start with."

39. On September 25, 2009, Von Muller mailed an envelope to Arora containing more than 75 questions that she reproduced from the November 2008 Gastroenterology Examination. A copy of the envelope and its contents are attached hereto as Exhibit C.

40. The envelope that Von Muller sent to Arora contained 77 questions that were substantially similar to ABIM Gastroenterology Examination items. The contents disclosed secure and confidential information about the substance of the material from ABIM's Gastroenterology Examination.

41. On September 29, 2009, after receiving the envelope, Arora sent an email to Von Muller thanking her for providing the Gastroenterology Examination items:

> Today I received the questions you had sent me by mail. I am really impressed with the number of questions you wrote down. You must have a great memory. Thank you very much for your efforts. I will add them to my list for next year unless you have other plans for them. Please keep in touch. I know you are very busy but there are very few people in this world who can keep their words on difficult matters. . . .

## COUNT I
## COPYRIGHT INFRINGEMENT

42. ABIM hereby incorporates by reference paragraphs 1 through 41 of its Complaint as though fully set forth herein.

43. The Gastroenterology Examination is an original work copyrightable under 17 U.S.C. § 102. As lawful owner of the copyrights, ABIM is entitled to, inter alia, the exclusive rights to do and to authorize the reproduction, distribution, display of and the preparation of derivative works based on the copyrighted work. 17 U.S.C. § 106.

44.     Defendant's unauthorized copying and distribution of and creation of derivative works based on the Gastroenterology Examination in interstate commerce constitutes an actual infringement of ABIM's copyrights.

45.     The foregoing conduct on the part of Defendant constitutes willful copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

46.     By reason of the foregoing acts of copyright infringement, ABIM has sustained and, if Defendant is not enjoined, will continue to sustain substantial damages.

47.     Further, by reason of Defendant's copyright infringement, ABIM has sustained, and if Defendant's acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

44.     Defendant's unauthorized copying and distribution of and creation of derivative works based on the Gastroenterology Examination in interstate commerce constitutes an actual infringement of ABIM's copyrights.

45.     The foregoing conduct on the part of Defendant constitutes willful copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

46.     By reason of the foregoing acts of copyright infringement, ABIM has sustained and, if Defendant is not enjoined, will continue to sustain substantial damages.

47.     Further, by reason of Defendant's copyright infringement, ABIM has sustained, and if Defendant's acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS

48.     ABIM hereby incorporates by reference paragraphs 1 through 47 of its Complaint as though fully set forth herein.

49.     The ABIM Certification Examinations are questions and answers comprised of scientific and technical information used for evaluating the competency of a candidate for Board Certification in the fields of internal medicine and its subspecialties, which are not commonly known by or available to the public.

50.     The ABIM Certification Examination items derive economic and evaluative value from not being generally known and not being readily ascertainable by proper means. ABIM exercises reasonable measures to maintain the secrecy of the ABIM Certification Examination items.

51.     Each and every candidate for Board Certification in Gastroenterology, including Defendant Von Muller, enters a permanent confidentiality agreement with ABIM before taking

the Gastroenterology Examination that imposes upon the Candidate a continuing duty to keep the contents of the Gastroenterology Examination a secret.

52.  Defendant knowingly, willfully and maliciously breached her duty to ABIM under the confidentiality agreements not to disclose, copy or distribute secure Gastroenterology Examination content.

53.  The foregoing acts of Defendant constitute willful and malicious misappropriation of ABIM's trade secrets under 12 Pa. C.S.A. § 5302 - 5304.

54.  As a direct and proximate result of Defendant's willful and malicious misappropriation of trade secrets, ABIM has sustained and, if Defendant is not enjoined, will continue to sustain substantial damages.

55.  Further, by reason of Defendant's misappropriation of ABIM's trade secrets, ABIM has sustained, and if Defendant's acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

## COUNT III
## BREACH OF CONTRACT

56.  ABIM hereby incorporates by reference paragraphs 1 through 55 of its Complaint as though fully set forth herein.

57.  Each and every candidate for Board Certification in Gastroenterology, including Defendant Von Muller, enters a permanent confidentiality agreement with ABIM before taking the Gastroenterology Examination that imposes upon the Candidate a continuing duty to keep the contents of the Gastroenterology Examination a secret.

58.  Knowing her duty of confidentiality to ABIM, Von Muller copied, reproduced, distributed, published and/or displayed secure and confidential ABIM Gastroenterology Examination items, or derivations thereof, without permission or authorization from ABIM.

59.     Von Muller breached her duty to ABIM under the confidentiality agreements not to disclose, copy or distribute secure Gastroenterology Examination content.

60.     As a direct and proximate result of Von Muller's breach of contract, ABIM has been damaged in an amount exceeding $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a)     An injunction prohibiting and enjoining Defendant, and anyone in active concert or participation with Defendant from further copying, duplicating, distributing, displaying, advertising, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, audio, electronic, photographic, machine-readable, or other form, including but not limited to any publication on the Internet, or communication to any agent, representative, employee, member, person or affiliate, or in written or downloadable electronic materials, ABIM's copyrighted Examination;

(b)     An Order impounding in unencrypted, plain text format all copies of all Gastroenterology and anyother Certification Examination items, workbooks, software, simulated exams and other materials that contain Examination items or other materials that infringe ABIM's copyrighted Examinations; and

(c)     An order for the destruction of all infringing copies of materials that include all or any part of any copyrighted ABIM Examination or any content from ABIM Examinations;

(d)     Award the Plaintiff:

(i)     Compensatory damages in an amount to be proven at trial;

(ii)    Applicable statutory damages;

(iii)   The costs and disbursements of this action;

(iv)   An award of reasonable attorneys' fees;

(v)    An award of punitive damages; and

(vi)   Such other relief as the Court deems just and proper.

 

**BALLARD SPAHR LLP**

*/s/ Marc J. Weinstein*

HARA K. JACOBS
MARC J. WEINSTEIN
CORINNE MILITELLO
Attorney I.D. Nos.: 74832, 206441, 205889

1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-9999
E-mail: jacobsh@ballardspahr.com
       weinsteinm@ballardspahr.com
       militelloc@ballardspahr.com

*Counsel for Plaintiff*
*American Board of Internal Medicine*

Dated: September 28, 2010

## CERTIFICATE OF SERVICE

I, Marc J. Weinstein, do hereby certify that on this date I caused the foregoing Amended Complaint to be served via first class mail on the following:

> Frank A. Mazzeo, Esquire
> Frank A. Mazzeo, PC
> 808 Bethlehem Pike
> Suite 200
> Colmar, PA 18915

Dated: September 28, 2010

_____
Marc J. Weinstein