## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | : <br> : <br> : |
| Plaintiff, | : <br> : Civil Action No. 2:10-cv-02680-JCJ |
| v. | : <br> : |
| SARAH VON MULLER, M.D., | : <br> : |
| Defendant. | : <br> : |

## **ORDER**

AND NOW, this _____ day of _____, 20_____, upon consideration of Plaintiff American Board of Internal Medicine's ("ABIM"), Motion for Costs of Service and Attorney's Fees and accompanying memorandum of law, and any opposition thereto, it is hereby ORDERED and DECREED that the motion is GRANTED. Defendant Sarah Von Muller, M.D., shall pay ABIM seventy-five dollars ($75.00), the cost it incurred to serve her with the Summons and Complaint in this case. In addition, Dr. Von Muller shall pay ABIM the reasonable attorney's fees and costs it incurred to have its lawyers prepare and litigate this motion. ABIM shall, within twenty (20) days of the entry of this Order submit a declaration of the attorney's fees and costs it incurred for the preparation and litigation of this motion.

                                                SO ORDERED.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:10-cv-02680-JCJ |
| v. | : |
| | : |
| SARAH VON MULLER, M.D., | : |
| | : |
| Defendant. | : |
| | : |

**MOTION FOR COSTS OF SERVICE AND ATTORNEY'S FEES**

Plaintiff American Board of Internal Medicine ("ABIM") hereby moves the Court for an order pursuant to Federal Rule of Civil Procedure 4(d)(2) requiring Defendant Sarah Von Muller, M.D., to pay ABIM's expenses incurred in personally serving the Summons and Complaint on her due to her failure to execute a requested Waiver of Service of Summons. ABIM also seeks reimbursement for its reasonable attorney's fees and costs incurred in connection with this Motion. The grounds for this Motion are more fully set forth in the accompanying memorandum of law.

Respectfully submitted,

Dated: December 1, 2010                              BALLARD SPAHR LLP

/s/Hara K. Jacobs
Hara K. Jacobs
Pa. Bar No. 74832
Marc J. Weinstein
Pa. Bar No. 206441
Steven D. Kim
Pa. Bar No. 203459
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel:    (215) 864-8758
Fax:    (215) 864-8999
        jacobsh@ballardspahr.com
        weinsteinj@ballardspahr.com
        kims@ballardspahr.com

*Attorneys for American Board of Internal Medicine, Christine K. Cassel, M.D., Lynn O. Langdon, M.S., and Eric S. Holmboe, M.D.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | : <br> : <br> : |
| Plaintiff, | : <br> : Civil Action No. 2:10-cv-02680-JCJ |
| v. | : <br> : |
| SARAH VON MULLER, M.D., | : <br> : |
| Defendant. | : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR COSTS OF SERVICE AND ATTORNEY'S FEES**

BALLARD SPAHR LLP

Hara K. Jacobs
Pa. Bar No. 74832
Marc J. Weinstein
Pa. Bar No. 206441
Steven D. Kim
Pa. Bar No. 203459
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Attorneys for American Board of Internal
Medicine, Christine K. Cassel, M.D., Lynn O.
Langdon, M.S., and Eric S. Holmboe, M.D.*

Plaintiff American Board of Internal Medicine ("ABIM") submits this memorandum of law in support of its Motion for Costs of Service and Attorney's Fees.

**I.     PRELIMINARY STATEMENT**

Plaintiff American Board of Internal Medicine ("ABIM") seeks to recover: (1) the expenses it incurred to personally serve Dr. Sarah Von Muller with the Summons and Complaint; and (2) its attorney's fees and costs incurred in connection with this Motion.  ABIM was compelled to personally serve Dr. Von Muller and pursue this motion because Dr. Von Muller failed to execute a Waiver of Service Summons requested by ABIM and delivered to her along with a copy of the Complaint.  Dr. Von Muller required ABIM to personally serve her despite knowing of ABIM's lawsuit against her for many weeks before she was finally served.  Dr. Von Muller's actions caused ABIM to incur costs to personally serve her and then to prepare and litigate the this Motion, all of which could have been easily avoided.

**II.    FACTS**

ABIM initiated this lawsuit on June 4, 2010 when it filed its Complaint and related papers in the Eastern District of Pennsylvania.  The same day, the Clerk of Court provided counsel for ABIM with a Summons in a Civil Action for service on Dr. Von Muller.  On June 9, 2010, counsel for ABIM sent the Complaint and Summons to Dr. Von Muller by FedEx, and requested that she waive service of the Summons pursuant to Federal Rule of Civil Procedure 4(d).  See Declaration of Marc J. Weinstein ("Weinstein Declaration") at ¶ 4, attached hereto as Exhibit A.  The June 9 FedEx requesting Dr. Von Muller's waiver of service was addressed to Dr. Sarah Von Muller at 5262 Oak Leaf Drive, Tulsa, Oklahoma 74131-2655 and contained a copy of the Complaint, Civil Cover Sheet, United States District Court Designation Form, Case Management Track Designation Form, Rule 7.1 Disclosure, 2 copies of Waiver of Services of Summons and a self-addressed, stamped envelope.  Id. at ¶ 6.  The above contents of the June 9

FedEx named the court where the Complaint was filed, informed Dr. Von Muller of the consequences of waiving and not waiving service, and stated the date when the request for waiver was sent.  *Id.* at ¶ 7.  FedEx delivered the package to Dr. Von Muller's home address -- 5262 Oak Leaf Drive, Tulsa, Oklahoma 74131-2655 – the next day on June 10, 2010.  *Id.* at ¶ 8.  Dr. Von Muller admits in her Answer that this is her home address.  (Answer ¶ 3.)

Dr. Von Muller never opened the June 9 FedEx despite its delivery to her home address.  Instead, she or someone on her behalf, drew large X's over the sender and the addressee on the FedEx shipping label and wrote the words "Return To Sender" above the X's and the initials "RTS" on the shipping label.  *Id.* at ¶ 9.  Then, Dr. Von Muller or someone on her behalf placed the unopened June 9 FedEx into another FedEx envelope and, on June 16, 2010, sent it back to ABIM's counsel (the "June 16 FedEx"), where it was received on June 18, 2010.  *Id.*

Dr. Von Muller's refusal to open the June 9 FedEx containing the request for waiver of service, and to execute and return the waiver, required ABIM to employ the services of Mr. Michael Smith, a certified personal process server in Tulsa, Oklahoma to personally serve her.  *Id.* at ¶ 11.  Mr. Smith made several failed attempts to personally serve Dr. Von Muller at her home and office over a period of several weeks starting on or about July 7, 2010.  *Id.* at ¶ 12.  During this time, Dr. Von Muller knew full well that ABIM had filed suit against her because, *inter alia*, she sent a letter to ABIM dated July 13, 2010 acknowledging the lawsuit and advising ABIM that she had retained counsel.  *Id.* at ¶ 13.  Service was finally effectuated on August 2, 2010, when the process server left the service package, containing the Summons and Complaint, with the person staffing the front desk at Dr. Von Muller's medical office.  *Id.* at ¶ 14.  ABIM paid $75.00 to have Mr. Smith serve Dr. Von Muller.  *Id.* at ¶ 15.

**III.     ARGUMENT**

Federal Rule of Civil Procedure 4(d)(1) establishes the duty of every party subject to service of a Summons within a judicial district of the United States "to avoid unnecessary expenses of serving the summons."  Rule 4(d)(1) also sets forth the manner in which a plaintiff may request a defendant's waiver of the service of a summons.  In the instant case, ABIM complied with the requirements of Rule 4(d)(1)(A-G) when its counsel sent Dr. Von Muller the June 9 FedEx, addressed to her, and included in its request for waiver the name of the court where the Complaint was filed, a copy of the Complaint, 2 copies of the waiver form and a prepaid means for returning them, the notice regarding her duty to avoid unnecessary costs of service of a summons, the consequences of waiving and not waiving service and gave her more than thirty days to sign and return the waivers.

The undisputed evidence establishes that, after receiving ABIM's June 9 FedEx at her admitted home address, Dr. Von Muller sent the entire FedEx package back to ABIM's counsel with no explanation, and refused to waive service as requested.  Moreover, Dr. Von Muller's July 13th correspondence with ABIM confirms that she was well aware of ABIM's lawsuit against her and had, in fact, already retained counsel.  Notwithstanding these facts, neither Dr. Von Muller nor her counsel made any subsequent attempt to contact ABIM and arrange for service for the Summons and Complaint.

Federal Rule of Civil Procedure 4(d)(2) requires a defendant to reimburse the plaintiff for the costs of service of a summons and plaintiff's attorney's fees for any motion required to collect those costs where the defendant refused to execute a requested waiver of service of a summons without good cause.

>  (2) Failure to Waive
> 
>  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> 
>  (A) the expenses later incurred in making service; and
> 
>  (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

If a defendant cannot demonstrate good cause, the Court has no discretion to deny plaintiff's motion for costs where the defendant failed to sign and return a waiver. *See Graves v. The Church of the Lord Jesus Christ of the Apostalic Faith, Inc.*, Civ. A. No. 02-4056, 2003 WL 21659168, at *1 (E.D. Pa. June 20, 2003) ("Here Defendant failed to comply with Plaintiff's request for waiver, and has failed to establish good cause for this failure. Thus, Plaintiff is entitled to reimbursement of costs, including 'the costs subsequently incurred in effecting service together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.'"). In this case, as in *Graves*, Dr. Von Muller cannot demonstrate good cause why she failed to sign and return the Waiver of Service delivered to her home along with all of the information required under Rule 4(d)(1). Accordingly, this Court should require Dr. Von Muller to reimburse ABIM for its costs of service and its attorney's fees and costs incurred in connection with this motion.

## IV. CONCLUSION

For the foregoing reasons, ABIM respectfully requests that the foregoing Motion for Costs of Service be GRANTED.

                                                      Respectfully submitted,

Dated: December 1, 2010                        BALLARD SPAHR LLP

                                                     /s/Hara K. Jacobs
                                                     Hara K. Jacobs

          Pa. Bar No. 74832
          Marc J. Weinstein
          Pa. Bar No. 206441
          Steven D. Kim
          Pa. Bar No. 203459
          1735 Market Street, 51st Floor
          Philadelphia, PA 19103
          Tel: (215) 864-8758
          Fax: (215) 864-8999
            jacobsh@ballardspahr.com
            weinsteinj@ballardspahr.com
            kims@ballardspahr.com

*Attorneys for American Board of Internal Medicine, Christine K. Cassel, M.D., Lynn O. Langdon, M.S., and Eric S. Holmboe, M.D.*

## **CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on December 1, 2010, a true and correct copy of the foregoing Motion for Costs of Service and Attorney's Fees was served via a court-generated ECF e-mail notice, or by the method specified below, upon all attorneys and parties in the above-captioned case:

>Frank A. Mazzeo
>Joseph M. Konieczny
>RYDER, LU, MAZZEO & KONIECZNY LLC
>808 Bethlehem Pike, Suite 200
>Colmar, PA 18915
>
>*Attorneys for Sarah Von Muller, M.D.*

             /s/Marc J. Weinstein
             MARC J. WEINSTEIN