IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | : |
| Plaintiff, | : |
| v. | : |
| SARAH VON MULLER, M.D., | : |
| Defendant/Counterclaimant, | : Civil Action No. 2:10-cv-02680-JCJ |
| v. | : |
| AMERICAN BOARD OF INTERNAL MEDICINE, CHRISTINE K. CASSEL, M.D., LYNN O. LANGDON, M.S., and ERIC S. HOLMBOE, M.D., | : |
| Counterclaim Defendants. | : |

## JOINT PRETRIAL MEMORANDUM

Pursuant to this Court's March 29, 2011 Order and Local Rule of Civil Procedure 16.1(c), Plaintiff/Counterclaim Defendant American Board of Internal Medicine ("ABIM"), and Counterclaim Defendants Christine K. Cassel, M.D., Lynn O. Langdon, M.S., and Eric S. Holmboe, M.D. (Dr. Cassel, Ms. Langdon, and Dr. Holmboe are collectively referred to as the "Individual Defendants") and Defendant/Counterclaimant Sarah Von Muller, M.D. ("Dr. Von Muller"), through their undersigned counsel, respectfully submit their Joint Pretrial Memorandum.

I.  **NATURE OF ACTION AND JURISDICTIONAL BASIS**

ABIM brings this action against Dr. Von Muller based upon her conduct in connection with ABIM's November 2008 Certifying Examination in Gastroenterology ("Gastroenterology Examination"). In its Amended Complaint, ABIM asserts three claims, all of

which arise out of Dr. Von Muller's purchase, copying and disclosure of ABIM examination content.

- In Count I, ABIM asserts that Dr. Von Muller willfully copied and distributed content from ABIM's Gastroenterology Examination in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

- In Count II, ABIM asserts that Dr. Von Muller's use and disclosure of ABIM examination content before and after the November 2008 Gastroenterology Examination constitutes willful and malicious misappropriation of ABIM's trade secrets pursuant to 12 Pa. C.S.A. §§ 5302 - 5304.

- In Count III, ABIM asserts that when Dr. Von Muller disclosed content from her Gastroenterology Examination, she breached her duties arising under the confidentiality agreements that she entered with ABIM prior to taking the examination.

ABIM seeks compensatory damages, statutory damages, exemplary damages, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper. ABIM additionally seeks injunctive relief prohibiting Dr. Von Muller from further copying and disclosure of content from ABIM's copyrighted and confidential Gastroenterology Examinations; an Order impounding infringing and misappropriated Gastroenterology Examination content; and an order for the destruction of all materials that include any copyrighted ABIM Examination content.

In response to ABIM's Amended Complaint, Dr. Von Muller asserted eleven counterclaims against ABIM and three of its individual employees. (Dkt. 11.) In response to a motion to dismiss Dr. Von Muller's counterclaims filed by ABIM and the Individual Defendants (Dkt. 23.), this Court dismissed four counts of Dr. Von Muller's counterclaims on March 10, 2011. (Dkt. 32.) The first three of the remaining counterclaims seek a declaratory judgment that Dr. Von Muller did not engage in copyright infringement, misappropriation of trade secrets, and breach of contract. The balance of Dr. Von Muller's counterclaims are tort claims against ABIM and the Individual Defendants.

- In Count V, Dr. Von Muller asserts that ABIM and the Individual Defendants tortiously interfered with Dr. Von Muller's existing and prospective business relationships with various hospitals and potential patients.

- In Count VI, Dr. Von Muller asserts that ABIM and the Individual Defendants commercially disparaged Dr. Von Muller when ABIM posted her Board Certification status as "suspended" on ABIM's website and when Dr. Cassel was quoted in the *The Wall Street Journal* stating, "Any high-school kid knows that cheating is unfair."

- In Count VII, Dr. Von Muller asserts that ABIM and the Individual Defendants made false statements of fact that defamed Dr. Von Muller when ABIM posted her Board Certification status as "suspended" on ABIM's website and when Dr. Cassel was quoted in the *The Wall Street Journal* stating, "Any high-school kid knows that cheating is unfair."

- In Count VIII, Dr. Von Muller asserts that ABIM and the Individual Defendants made false statements of fact that cast Dr. Von Muller in a false light when ABIM posted her Board Certification status as "suspended" on ABIM's website and when Dr. Cassel was quoted in the *The Wall Street Journal* stating, "Any high-school kid knows that cheating is unfair."

ABIM and the Individual Defendants timely moved for summary judgment on June 27, 2011. (Dkt. 52.) On July 19, 2011, Dr. Von Muller filed a response in opposition to ABIM and the Individual Defendants' motion for summary judgment and further requested that summary judgment be entered in her favor on her counterclaims. (Dkt. 59.) This motion is currently pending before the Court. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Dr. Von Muller, ABIM, and the Counterclaim Defendants.

## II.   STATEMENT OF UNDISPUTED FACTS

ABIM is an independent, not-for-profit, 501(c)(3)-qualified corporation, self-described as being dedicated to the advancement of excellence in the field of internal medicine and the subspecialties of internal medicine. Certification by ABIM is an internationally recognized marker of physician quality for patients, hospitals, and other medical care providers.

Patients, hospitals, and other medical care providers trust that physicians who have earned Board Certification from ABIM will provide the highest quality of medical care in their designated specialties. Many hospitals require physicians of internal medicine to be Board Certified in order to have admitting privileges. Many health plans require Board Certification for contracting or eligibility to participate as a physician of internal medicine or the subspecialties in preferred networks. Board Certified physicians often receive higher levels of compensation than non-certified physicians practicing in the same specialties.

In order to be Board Certified by ABIM, a physician must: 1) successfully complete three years of accredited, post-graduate training in internal medicine and its subspecialties; 2) meet the other requirements for certification; and 3) then pass the secure, proctored, computer-based Certifying Examination in Internal Medicine ("Internal Medicine Examination") at an independent testing center. Physicians who are Board Certified in Internal Medicine may, with additional accredited training, become Board Certified by ABIM in its subspecialties including Gastroenterology. Certification in Gastroenterology requires the physician, who has met the additional accredited training in Gastroenterology, to pass the Gastroenterology Examination.

The Gastroenterology Examination is a "secure" examination comprised of confidential questions that are not disclosed to anyone except those taking the examination and those involved in creating the examination. The Gastroenterology Examination questions were created by ABIM through a process that involved organizing a physician-led test committee, drafting questions and selecting questions by committee consensus, editing questions and pictorial materials, and then pre-testing questions for measurement characteristics. Advance knowledge by a candidate of the content of the Gastroenterology Examination, such as knowledge of fact patterns, specific question subject matter and potential answers, could provide

the candidate with an advantage that subverts the integrity of the Gastroenterology Examination and may permit unqualified physicians to achieve Board Certification in Gastroenterology. The Gastroenterology Examination is a copyrighted work registered with the United States Copyright Office.

Dr. Von Muller is a medical doctor who resides in Tulsa, Oklahoma. Dr. Von Muller practices medicine at Sarah Von Muller, M.D., PLLC and VIP Endoscopy Inc., both of which are located in Oklahoma. Dr. Von Muller specializes in the field of Gastroenterology and received her medical degree from the University of Oklahoma in 1991. She also received a masters degree in Biostatistics and Epidemiology from the University of Oklahoma in 1992. Between 1991 and 1995, Dr. Von Muller completed three residency trainings at the University of Oklahoma in Internal Medicine and Family Practice. In 1998, Dr. Von Muller completed a fellowship in Gastroenterology at The Johns Hopkins Bayview Medical Center. In 1999, Dr. Von Muller completed an advanced fellowship in Gastroenterology/Hepatology/Liver Transplantation at The Johns Hopkins University School of Medicine.

Prior to taking the November 2008 Gastroenterology Examination, Dr. Von Muller took five ABIM certification examinations: (i) the August 1996 Internal Medicine Examination; (ii) the August 1998 Internal Medicine Examination; (iii) the August 1999 Internal Medicine Examination; (iv) the November 2001 Gastroenterology Examination; and (v) the November 2003 Gastroenterology Examination. Dr. Von Muller passed the August 1999 Internal Medicine Examination and became board certified that year. All five prior ABIM Examinations were paper and pencil tests that required the candidates to fill out answer sheets. The answer sheets contained a Pledge of Honesty that each candidate was required to sign. The Pledge of Honesty stated:

> I pledge that I will not give or receive aid in this Examination. I will not disclose, copy, or reproduce any portion of the material contained in this Examination.

Dr. Von Muller signed the Pledge of Honesty on every answer sheet for her five paper and pencil ABIM examinations. Dr. Von Muller admits that, after taking five ABIM examinations, she knew she could not disclose content from an ABIM examination.

As part of her preparations for the November 2008 Gastroenterology Examination, Dr. Von Muller obtained materials from the internet and also attended a review course entitled William Steinberg GI Board Review in September 2008.

Approximately one month before taking the November 2008 Gastroenterology Examination, Dr. Von Muller contacted Dr. Rajender K. Arora of Arora Board Review ("ABR") by telephone. Dr. Von Muller subsequently sent an email to Dr. Arora seeking additional study material for the upcoming examination. Dr. Arora later sent an email to Dr. Von Muller in which he stated that he had a "collection from previous GI exams including... actual questions." In the email, Dr. Arora offered to sell the material to Dr. Von Muller for $480 and a promise to send questions soon after her Gastroenterology Examination. Dr. Arora also offered to "join forces" with Dr. Von Muller to "give GI conference...next year." Dr. Von Muller agreed to pay Dr. Arora on the same day.

Dr. Von Muller took the Gastroenterology Examination for the third time on November 24 and 25, 2008. Dr. Von Muller has dyslexia. In order to read, Dr. Von Muller finds it helpful to read materials aloud and therefore, was permitted to take the Gastroenterology Examination in a room by herself so as not to disturb other test-takers. She was not permitted to bring any writing materials or electronic devices into the room with her.

Before beginning the examination on each day, Dr. Von Muller's computer screen displayed ABIM's Pledge of Honesty, which provided:

> I, [candidate's name], pledge that I will not give or receive aid in this Examination. I will not disclose, copy, or reproduce any portion of the material contained in this Examination. I pledge to comply with the instructions of proctors and with all rules of this Examination. I confirm that the information provided in my application to the Board is true and correct.
>
> * * * *
>
> I, [candidate's name], agree to the above statements and agree to be legally bound by the rules and policies of the American Board of Internal Medicine.

Dr. Von Muller's computer instructed her to click the Next (N) button if she accepted these terms, and then she would proceed to the examination. She was also instructed that if she did not accept these terms, she should raise her hand, notify the test administrator and she would not be permitted to proceed to the examination. Each morning of her Gastroenterology Examination, Dr. Von Muller agreed to the terms of the Pledge of Honesty by clicking the Next button.

At the conclusion of each day of Dr. Von Muller's Gastroenterology Examination, her computer screen displayed the following message

> PLEASE NOTE: In the Pledge of Honesty that you agreed to at the beginning of this Examination, you pledged that you "will not disclose, copy, or reproduce any portion of the material contained in this Examination."
>
> The pledge is intended to ensure fairness to all candidates as well as the integrity of the certification process. Please be aware that sharing information about examination content violates the confidentiality agreement made with the ABIM by all Certification and Maintenance of Certification candidates in that Pledge of Honesty. The ABIM will impose severe penalties on any candidate involved in efforts to provide specific examination question content to others. Penalties may include invalidation of examination results, prohibition from retaking the examination, and revocation of certification.

After this message appeared, Dr. Von Muller was instructed to click the "Exit" button to conclude the examination. On each day of her examination, Dr. Von Muller clicked the "Exit" button after this message appeared.

On November 24, 2008, five days after completing her 2008 Gastroenterology Examination, Dr. Von Muller e-mailed Dr. Arora advising him that she had finished her boards, she was currently typing her thoughts regarding the experience, which were numerous, and that she would get back to Dr. Arora in a few weeks.

On December 16, 2008, Dr. Von Muller sent an email to Dr. Arora that stated she was "about half way through the task" and thought that she would end up with approximately 60 questions or so.

In February 2009, Dr. Von Muller e-mailed Dr. Arora to tell him that she had passed the Gastroenterology Examination, she had not forgotten him and that she was really close to having a fair number of questions finished. She also let him know that his material and the other questions she was able to get made the difference. Dr. Von Muller further explained that if she had only taken Bill Steinberg's course, which she had taken in September a few weeks before purchasing Dr. Arora's questions, she would not have passed.

On September 24, 2009, Dr. Von Muller e-mailed Dr. Arora to let him know that she had finished getting all the questions down and asked for his mailing address so that she could send the questions to Dr. Arora as promised.

The following day, on September 25, 2009, Dr. Von Muller sent Dr. Arora the Questions Document – a fourteen page typewritten document containing a list of 76 multiple choice questions and answers along with her comments concerning those questions and answers. Dr. Von Muller sent the Questions Document to Dr. Arora by U.S. mail in an envelope with no cover letter or other note. The Questions Document itself contained no information identifying Dr. Von Muller as the author and no title to identify its contents.

After receiving the Questions Document, Dr. Arora sent Dr. Von Muller an e-mail thanking her for providing the questions she had sent. Dr. Arora told Dr. Von Muller that she

must have a great memory and that he was really impressed with the number of questions she had written down.

In December 2009, ABIM obtained an ex parte seizure order from this Court in American Board of Internal Medicine v. Arora, et. al., Civ. No. 2:09-cv-05707-JCJ. ABIM obtained the Questions Document and Dr. Von Muller's e-mails with ABR during this seizure, along with other e-mails between ABR and its customers. Based on this evidence, ABIM elected to file lawsuits against five physicians. Dr. Von Muller was one of the five physicians individually named as a defendant in a lawsuit filed by ABIM.

ABIM sent a letter to Dr. Von Muller on June 8, 2010 notifying her that ABIM had determined to suspend her board certification for five years. Following the June 8, 2010 letter, ABIM updated the description of Dr. Von Muller's Board Certification status on the ABIM website to "suspended." Dr. Von Muller was not afforded the opportunity to contest or appeal the change in certification status before her status was changed on ABIM's website. On or about July 1, 2010, ABIM revised the descriptions of the Board Certification statuses of Dr. Von Muller and the other physicians whose Board Certifications the Executive Committee determined to suspend from "suspended" to "suspension recommended."

On June 9, 2010, the *Wall Street Journal* published an article (the "Article") about ABIM's seizure of materials from ABR and ABIM's subsequent actions to suspend the board certification of numerous physicians. The *Wall Street Journal* interviewed ABIM's President and Chief Executive Offer, Dr. Cassel, and ABIM's Chief Operating Officer, Ms. Langdon, for the Article. The Article quotes Dr. Cassel as saying, "[a]ny high-school kid knows that cheating is unfair." The Article also referred to the lawsuits that ABIM had instituted five days before the Article was published against five physicians for allegedly infringing ABIM's intellectual

property rights in its copyrighted and confidential Certification Examinations, and identified the five physician-defendants, including Dr. Von Muller, by name.

On June 9, 2010, ABIM's Chief Medical Officer, Dr. Holmboe, sent an e-mail to Program Directors of residency training programs in the United States concerning the conduct engaged in by candidates seeking Board Certification and the subsequent board certification suspension of those candidates by ABIM. Dr. Holmboe attached ABIM's press release about these events to the e-mail and explained that, "An article regarding this matter appeared in this morning's *Wall Street Journal*." Dr. Holmboe's e-mail and ABIM's press release did not identify any of the physicians whom the Executive Committee determined to suspend, however, the identities of the physicians ABIM sued, including Dr. Von Muller, was contained in the Article referenced in Dr. Holmboe's email.

Dr. Von Muller practices medicine through two legal entities: VIP Endoscopy Inc. ("VIP Inc.") and Sarah Von Muller MD PLLC ("Von Muller PLLC"). Dr. Von Muller consults with patients through Von Muller PLLC. Dr. Von Muller performs gastroenterology procedures through VIP Inc. These procedures are performed at a different facility than where she practices medicine through Von Muller PLLC. VIP Inc. is owned by Dr. Von Muller's husband, based on the advice of Dr. Von Muller's tax attorney and previous accountant, but Dr. Von Muller is the primary, and usually only, physician at VIP Inc.

St. Francis Hospital South sent Dr. Von Muller a letter dated July 30, 2010 stating that the hospital required Dr. Von Muller to maintain board certification in her primary area of practice and that her reappointment application could not be considered because, according to their records, she was not currently board certified. Dr. Von Muller replied to the hospital on September 8, 2010 to inform its Credential Committee that she was currently board certified and that her status was "'suspension recommended' with the notations of 'Under appeal, Suspension

not final.'" On September 28, 2010, St. Francis Hospital South informed Dr. Von Muller of her reappointment to the Active Staff of the hospital for a period of two years. Dr. Von Muller's board certification status is currently listed as "suspension recommended."

According to Dr. Von Muller, no one has ever directly communicated to her that they will no longer refer patients to her practice based on any actions taken by ABIM, Dr. Cassel, Dr. Holmboe or Ms. Langdon. Also according to Dr. Von Muller, no patient has ever directly indicated to Dr. Von Muller that the patient stopped using her services because of any action by ABIM, Dr. Cassel, Dr. Holmboe or Ms. Langdon. Dr. Von Muller states that she is not aware of any patient that she treated from January 1, 2006 to the present that researched Dr. Von Muller's certification status on the ABIM website.

### III. STATEMENT OF DAMAGES

    A.    ABIM claims that it is entitled to receive as damages:

        1.    Compensatory damages (amount to be determined at trial)

        2.    Statutory damages (amount to be determined at trial)

        3.    Exemplary damages (2x the amount of compensatory damages)

        4.    Attorneys' fees (amount to be determined after trial)

        5.    Recoverable litigation costs (amount to be determined after trial)

    B.    Dr. Von Muller claims that she is entitled to receive as damages:

        1.    Compensatory damages (amount to be determined at trial)

        2.    Exemplary damages (2x the amount of compensatory damages)

        3.    Attorneys' fees (amount to be determined after trial)

        4.    Recoverable litigation costs (amount to be determined after trial)

        5.    Injunctive relief as set forth in Dr. Von Muller's counterclaims.

### IV. TRIAL WITNESSES

    A.    Below is a list of witnesses ABIM and the Individual Defendants may call at trial. ABIM and the Individual Defendants expressly reserve the right to call any witnesses listed by Dr. Von Muller.

### Liability

1. Christine K. Cassel, M.D.
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

2. Lynn O. Langdon
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

3. Eric S. Holmboe, M.D.
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

4. Susan T. McMinn, EnCE, DFCEP, CFE
   Dixon Hughes Goodman LLP, 1829 Eastchester Drive High Point, NC 27265

5. Brian A. Rosenthal
   Capsicum Group, LLC, 1350 Broadway, Suite 509, New York, NY 10018

6. David Katzka, M.D.
   200 1st South Street West, Rochester, MN 55905

7. Lorna Lynn, M.D.
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

8. Linda Mills
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

9. Rebecca Lipner, Ph.D.
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

10. Gregory Fortna
    510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

11. Sarah B. Von Muller, M.D.
    5262 Oak Leaf Drive, Tulsa, Oklahoma 74131

### Damages

All of the witnesses listed above as liability witnesses may also be called to testify regarding damages. In addition, the following witness may also be called:

1. Vincent J. Mandes
   510 Walnut Street, Suite 1700, Philadelphia, PA 19106-3699

B. Below is a list of witnesses Dr. Von Muller may call at trial. Dr. Von Muller expressly reserves the right to call any witnesses listed by ABIM and the Individual Defendants.

### Liability

1. Sarah Von Muller

2. Dr. Arora

3. Zachariahs Varughese, Vice President of Cancer Treatment Centers

4. Joe Neely, Sr. VP of Operations of St. Francis Hospital South
   10501 East 91st Street South, Tulsa, OK 74133

5. Paul Peterson, Chief of Staff, St. Francis Hospital South
   10501 East 91st Street South, Tulsa, OK 74133

6. Temitayo Oyekan, D.O. Credentials Committee Chair, St. Francis Hospital South
   10501 East 91st Street South, Tulsa, OK 74133

7. Joe Neely, Sr. VP of Operations of St. Francis Hospital South
   10501 East 91st Street South, Tulsa, OK 74133

8. Melony Birt, Credentialing Coordinator, St. Francis Hospital South
   10501 East 91st Street South, Tulsa, OK 74133

9. Anthony R. Young, CEO, Southcrest
   8801 South 101st East Avenue, Tulsa, OK 74133

10. Katherine Hobson, *The Wall Street Journal* reporter

11. Any witness listed by ABIM.

### Damages

All of the witnesses listed above as liability witnesses may also be called to testify regarding damages. In addition, the following witness may also be called:

1. Chet Thomas, V.M.D. (Dr. Von Muller's husband)

2. Celia Thompson (Dr. Von Muller's accountant)

V. **SCHEDULE OF EXHIBITS**

   A. Attached hereto as Exhibit A is ABIM and the Individual Defendants' anticipated schedule of trial exhibits.

B.   Attached hereto as Exhibit B is Dr. Von Muller's anticipated schedule of trial exhibits.

## VI. ESTIMATED LENGTH OF TRIAL

The parties estimate that the trial in this matter will take approximately eight days.

## VII. SPECIAL COMMENTS

The parties do not have any special comments at this time.

Frank A. Mazzeo
RYDER, LU, MAZZEO &
KONIECZNY LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
Tel:  (215) 997-0248
Fax:  (215)997-0266
      fmazzeo@ryderlu.com

*Attorneys for Sarah Von Muller, M.D.*

Hara K. Jacobs
Pa. Bar No. 74832
Corinne Militello
Pa. Bar No. 205889
Nicholas H. Pennington
Pa. Bar No. 307073
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel:  (215) 864-8758
Fax:  (215) 864-8999
      jacobsh@ballardspahr.com
      militelloc@ballardspahr.com
      penningtonn@ballardspahr.com

*Attorneys for American Board of Internal Medicine, Christine K. Cassel, M.D., Lynn O. Langdon, M.S., and Eric S. Holmboe, M.D.*

Dated: August 25, 2011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Pretrial Memorandum was served on counsel identified below **via electronic filing** on the date set forth below:

>Frank A. Mazzeo
>RYDER, LU, MAZZEO & KONIECZNY LLC
>808 Bethlehem Pike, Suite 200
>Colmar, PA 18915
>
>*Attorneys for Sarah Von Muller, M.D.*

Dated: August 25, 2011                               /s/Corinne Militello
                                                                    CORINNE MILITELLO