IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN BOARD OF INTERNAL      : CIVIL ACTION
MEDICINE                        :
                                :
        vs.                     : NO. 10-CV-2680
                                :
SARAH VON MULLER, M.D.          :
                                :
        vs.                     :
                                :
AMERICAN BOARD OF INTERNAL      :
MEDICINE, CHRISTINE K. CASSEL,  :
M.D., LYNN O. LANGDON, M.D.,    :
and ERIC S. HOLMBOE, M.D.       :


**MEMORANDUM AND ORDER**


**JOYNER, C.J.**                        **August 29, 2012**


        This Court is now charged with the task of assessing the
attorney's fees which Plaintiff, American Board of Internal
Medicine ("ABIM") is entitled to recover from Defendant, Dr.
Sarah Von Muller under the Copyright Act, 17 U.S.C. §505.
Previously, following a two-week trial, the jury found that
Defendant had willfully infringed Plaintiff's copyrighted
examination questions and entered judgment in favor of Plaintiff
and against Defendant in the amount of $91,114.00.  Following the
denial of Defendant's post-trial motions on July 9, 2012, we
directed that Plaintiff submit a detailed itemization of its
claimed counsel fees and it is to this filing that we now turn
our attention.

## **Legal Standards**

Although our legal system generally adheres to the so-called "American Rule" under which each party typically bears its own litigation expenses regardless of whether it wins or loses, Congress has authorized courts to deviate from this background rule in certain types of cases by shifting fees from one party to another.  Fox v. Vice, ___ U.S. ___, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45, 53 (2011)(citing Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) and Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)).  Section 505 of the Copyright Act 17 U.S.C., presents just such  a fee shifting provision in that it reads as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Thus under Section 505, as under most other fee shifting statutes, a plaintiff must be a "prevailing party" to recover an attorney's fee.  See, Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  However, the Copyright Act differs from many of the other fee shifting provisions because "the statutory language provides that the allowance of fees to the prevailing party is not mandated in every case but is entrusted to the evaluation of the district

2

court."  Lieb v. Topstone Industries, Inc., 788 F.2d 151, 154 (3d Cir. 1986).[1]

"Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Id., *cited with approval in* Texas State Teachers Ass'n. v. Garland Independent School District, 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed.2d 866 (1989).  See also, Sole v. Wyner, 551 U.S. 74, 76, 127 S. Ct.  2188, 2194, 167 L. Ed.2d 1069 (2007).  It then remains for the district court to determine what fee is "reasonable."  Id.  Although "[d]etermining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, ... the judge's discretion is not unlimited."  Perdue v. Kenny A., ___ U.S. ___, 130 S. Ct. 1662, 1676, 176 L. Ed.2d 494, 509, 2010 U.S. LEXIS 3481 (2010).  Through it all, "the determination of fees 'should not result in a second major litigation.'"  Fox, 131 S. Ct. at 2216 (quoting

---

[1]  "Factors which should play a part" in the exercise of the district court's discretion "include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Lieb, 788 F.2d at 156 (*cited with approval*, Fogarty v. Fantasy, Inc., 510 U.S. 517, 534, n. 19, 114 S. Ct. 1023, 1033, n. 19, 127 L. Ed.2d 455(1994)); Lowe v. Loud Records, No. 03-4812, 126 Fed. Appx. 545, 2005 U.S. App. LEXIS 4753 (3d Cir. Mar. 23, 2005); Le v. City of Wilmington, Civ. A. No. 08-615-LPS, 2011 U.S. Dist. LEXIS 24658 at *4 (D. Del. Mar. 11, 2011).  "Frivolousness is defined as lacking any plausible merit," whereas "objective unreasonableness encompasses both a legal and a factual component."  4C, Inc. v. Pouls, Civ. A. No. 11-778, 2012 U.S. Dist. LEXIS 84607 at *7-*8 (D. Del. June 19, 2012)(quoting Schiffer Publishing, Ltd. v. Chronicle Books, LLC, 2005 U.S. Dist. LEXIS 9996 at *4 (E.D. Pa. May 24, 2005) and Warren Publishing Co. v. Spurlock, 2010 U.S. Dist. LEXIS 20584 at *4 (E.D. Pa. Mar. 3, 2010)).

Hensley, 461 U.S. at 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40).
"The fee applicant (whether Plaintiff or Defendant) must, of
course, submit appropriate documentation to meet the burden of
establishing entitlement to an award," but trial courts need not,
and indeed should not, become green-eyeshade accountants."   Id.

        Since the Supreme Court decided Hensley, Blum v. Stenson,
465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984) and
Pennsylvania v. Delaware Valley Citizens Council for Clean Air,
478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed.2d 439 (1986), "the
'lodestar' figure has, as its name suggests, become the guiding
light of ... fee-shifting jurisprudence."   Gisbrecht v. Barnhart,
535 U.S. 789, 801, 122 S. Ct. 1817, 1825, 152 L. Ed.2d 996,
(2002)(quoting Burlington v. Dague, supra.)   Under this method,
"the most useful starting point for court determination of the
amount of a reasonable fee payable by the loser is the number of
hours reasonably expended on the litigation multiplied by a
reasonable hourly rate."   Id. (quoting Hensley, 461 U.S. at 433,
103 S. Ct. at 1939).

        Although the lodestar[2] is presumed to be the reasonable fee,

_____

        [2]  Although less than perfect, the lodestar method has several
important virtues, the first of which is that "it looks to the prevailing
market rates in the relevant community."   Perdue v. Kenny A., ___ U.S. ___,
130 S. Ct. 1662, 1672, 174 L. Ed. 2d 494, 504 (2010)(quoting Blum, 465 U.S. at
895).  It further "produces an award that *roughly* approximates the fee that
the prevailing attorney would have received if he or she had been representing
a paying client who was billed by the hour in a comparable case."   Id.
(emphasis in original).  Finally, the lodestar method is "readily
administrable" and "objective" and "thus cabins the discretion of trial
judges, permits meaningful review, and produces reasonably predictable
results."   Id. (citing, *inter alia*, Dague, 505 U.S. at 566, Hensley, supra.,

as noted above, the district court has the discretion to make certain adjustments to it.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).   In a statutory fee case, the party opposing the fee award has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.  Id., citing Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989).

Hence, the court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party.  Interfaith Community Organization v. Honeywell, 426 F.3d 694, 711 (3d Cir. 2005)(citing Bell, at 719); Wade v. Colaner, Civ. A. No. 06-3715, 2010 U.S. Dist. LEXIS 138518 at *12 (D. N.J. Dec. 28, 2010).   However, once the opposing party has made a specific objection, the party seeking an award of fees bears the burden of showing that the claimed rates and number of hours are reasonable.  Id.; Loughner v. University of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001); Rode, supra.

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."  McGuffey v. Brinks, Inc., 598 F. Supp. 2d 659, 669 (E.D. Pa. 2009)(quoting Rode, 892 F.2d at 1183).   In conducting

---

at 533 and Buckhannon Board & Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources, 532 U.S. 598, 609, 121 S. Ct. 1835, 149 L. Ed.2d 855 (2001).

its analysis, the district court should "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id, (quoting id).

It is then "essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement." Perdue, supra. Because the District Court must articulate the basis for a fee award and the record must at least reflect that the trial court "fully comprehended the factual and legal issues and adequately performed the decision-reaching process," [a] "District Court is obligated to 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary.'" Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001)(quoting Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001) and Pub. Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)). Thus, "it is necessary that the Court go line by line by line through the billing records supporting the fee request." Id.; Bucceroni v. City of Philadelphia, Civ. A. No. 03-6371, 2006 U.S. Dist. LEXIS 85559 at *9 (E.D. Pa. Nov. 27, 2006).

Finally, Courts may not make any findings of reasonableness based on a generalized sense of appropriateness, but "must rely on the record." Evans, 273 F.3d at 361 (quoting Smith v. Philadelphia Housing Authority, 107 F.3d 223, 225 (3d Cir. 1997)). In requesting, challenging and granting attorneys' fees, specificity is critical; a request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." U.A.W. Local 259 Social Security Department v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007)(quoting Evans, at 361). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id., (quoting Hensley, 461 U.S. at 433). "In addition, an attorney's work on unsuccessful claims not related to the claims on which the attorney succeeded is not compensable, because such work 'cannot be deemed to have been expended in pursuit of the ultimate result achieved.'" McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009)(quoting Hensley, 461 U.S. at 434-435, 103 S. Ct. at 1940)). Thus, "[w]here a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward." Spence v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006).

## Discussion

According to the Declaration submitted by Plaintiff's lead counsel in the instant case, ABIM incurred a total of $859,239.50 in litigating its copyright claim through June, 2012.  This sum reflects work performed by two partners, seven associates, one of-counsel attorney, three Senior Paralegals, three paralegals, one litigation support analyst and one research librarian on the Plaintiff's copyright claim.[3]  The hourly rates for these charges range from a low of $195 per hour for one of the paralegals to $560 per hour for some of the work performed by Ms. Jacobs. However, ABIM asserts that its fee petition "is taking a highly conservative approach to calculating the lodestar for its copyright claim and is seeking substantially reduced attorney's fees in the sum of $292,000 for fees incurred from June 2010 through trial," along with "its lodestar calculation of $79,049.00 for legal fees expended on post-trial motions." (Jacobs Decl. ¶S 34, 35, p. 15).  Thus, the total sum sought by Plaintiff by this motion is $371,049.

We note at the outset that Defendant does not take issue

---

[3]  Plaintiff's counsel asserts that it billed ABIM separately for legal fees incurred in connection with its defense of the defendant's counterclaims and that "[t]hose bills, which total over $1 million, are not included in this submission even though a meaningful portion of those bills could be included because Dr. Von Muller's defamation claim is not 'distinct in all respects' from ABIM's copyright claim."  (Declaration of Hara Jacobs, ¶28, p. 13).  In addition, to receiving an award of $82,446 on the copyright infringement claim, Plaintiff was also awarded damages of $8,668 on its claim for breach of contract.

with the reasonableness of the hourly rates charged by
Plaintiff's counsel.  She does object to the number of hours that
Plaintiff's attorneys expended on this case and to what she
submits are inadequately documented time entries.  Finally,
Defendant also disputes the reasonableness of the hours expended
as many are excessive and redundant.

In reviewing the copies of the invoices which the Ballard
firm sent to Plaintiff throughout the course of this litigation,
we find that this is indeed the case.  By way of example, between
April 21 and April 30, 2011, two associates, Nicholas Pennington
and Rowan L. Smith, spent a total of some 27.8 hours "review[ing]
documents in preparation of production" and "review[ing]
documents for the First Set of Document Requests."  In essence,
Mr. Pennington billed 15.7 hours at an hourly rate of $285 for
performing the same task that Rowan Smith billed 12.1 hours at
$230 per hour for performing.  In the absence of any showing that
the number of documents produced by the plaintiff to the
defendant was extraordinarily large, we cannot find these charges
to be reasonable.

Similarly, between May 12 and 19, 2011, Paralegal Roseann
Harley-Muto billed 43.3 hours for "review[ing] and redact[ing]
questions from the exam item pool.  In addition to being unclear
as to what exactly the exam item pool is, in the absence of
further evidence to substantiate these entries, we find it

difficult to conceive how this task could have reasonably consumed more than a full work week of Ms. Harley-Muto's time at the rate of $200 per hour.

Moreover, on May 20, 23, 24, and 25, 2011, ABIM's lead counsel, Hara Jacobs' billing entries reflect 14.1 hours that are attributed in part to her preparation to defend the deposition of Vincent Mandes, ABIM's Chief Financial Officer, who testified regarding damages.  Inasmuch as Mr. Mandes' deposition last less than one full day, and Ms. Jacobs was defending - not taking this deposition, we find the 14.1 hours' billed to be excessive.

As an additional example, one of Ballard's associates, Corinne Militello, billed some 31.3 hours of time in preparation for the defense of the deposition of Lynn Langdon, ABIM's Chief Operating Officer in mid-May, 2011.  It is particularly noteworthy that Ms. Militello attended this deposition with Ms. Jacobs, who likewise billed for her preparation time and attendance at the same deposition.[4]

Finally, as Defendant correctly points out, Plaintiff's counsel billed **over 400 hours** for the filing of its motion for summary judgment, commencing on May 26, 2011 and concluding with its filing on June 27, 2011.  While this matter is not a simple

---

[4] As noted by the Third Circuit in Rode, a reduction for duplication "is warranted only if the attorneys are unreasonably doing the same work."  Rode, 892 F. 2d at 1187 (quoting Jean v. Nelson, 863 F.2d. 759, 773 (11th Cir. 1988).   While we do not take issue with Plaintiff's counsel's training of its new associates, as that is what Ms. Militello's and Mr. Kim's entries appear to be, we also do not believe that it necessary either.

one, it is not one which was unduly complex either and given that there were clearly a number of genuine issues of material fact presented by the then-existing record resulting in the denial of the motion in an Order with a brief explanatory footnote, we would agree that the amount of time spent on the preparation and filing of that motion and the supporting legal memoranda was clearly excessive.

There are numerous other examples of such excessive and unclearly documented billing entries which are too numerous to mention in this Memorandum.  Indeed, we have now had the opportunity to review the more than 200 pages of billing records which Plaintiff has submitted in support of its request for counsel fees and, while there is no question but that Plaintiff received excellent representation in this matter, we are mindful that "the aims of the copyright statute are compensation and deterrence where appropriate, but not ruination." Lieb, 788 F.2d at 156.  Suffice it to say that we are declining Plaintiff's request for an award in the amount of $371,049.

In arriving at an appropriate award under the circumstances presented by this case, we consider those factors outlined in Fogarty, Lowe, and Lieb, all supra.  In so doing, we reiterate our earlier finding that this was not an unusually complex action, though it did require careful analysis of Defendant's computer and some 65 examination questions that were alleged to

and were subsequently found by the jury to have been compromised by the defendant.  Of significance is that ABIM first learned of Defendant's infringement through the discovery that was conducted in another, now-settled action involving Dr. Rajender Arora and Arora Board Review.  It is also noteworthy that this case was one of five such copyright infringement actions which ABIM initially instituted against individual physicians who had allegedly purchased test questions from Arora Board Review and supplied actual test questions in return.[5]  Thus, this action is not unique and we would expect that the pleading and discovery processes should have been somewhat truncated as a result.

Additionally, although there is now no question but that Dr. Von Muller should have known that what she was doing was in violation of ABIM's copyrights, it appears that she was motivated only by her desire to pass the examination – not by a desire to cause ABIM economic or other harm.  That ABIM unquestionably suffered such harm is not disputed – but such harm resulted from Defendant's failure to consider the consequences of her actions, not her motive. Hence, while deterrence of such unlawful behavior is appropriate, we believe the award of fees should be tempered somewhat by what we find to be Defendant's lack of actual malice.

Furthermore, while ultimately unsuccessful, Dr. Von Muller

---

[5]  Each of those other lawsuits was dismissed without prejudice for lack of *in personam* jurisdiction against the other physician-defendants.  It is unknown whether ABIM has elected to pursue its claims against those individuals in the appropriate forums.

was entitled to vigorously litigate her copyright defenses "to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." <u>Fogarty</u>, 510 U.S. at 527, 114 S. Ct. at 1030.  We are thus disinclined to punish Defendant for defending herself in the manner she chose.

Finally, we note that the total amount awarded by the jury on the copyright claim was $82,446.  This figure is approximately 22% of the attorneys' fees now sought by Plaintiff.  This gross disparity, coupled with the evidence that Defendant is no longer board certified and has closed her medical practice, militate in favor of a significantly reduced award of counsel fees here. Accordingly, we believe that an award in the amount of one-half the principal amount of the judgment is sufficient under these circumstances to both punish this defendant and send a message of deterrence to potential future violators.  We shall therefore order Defendant to pay Plaintiff the additional amount of $41,223 in attorney's fees.

An Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AMERICAN BOARD OF INTERNAL    : CIVIL ACTION
MEDICINE                      :
                              :
        vs.                   : NO. 10-CV-2680
                              :
SARAH VON MULLER, M.D.        :
                              :
        vs.                   :
                              :
AMERICAN BOARD OF INTERNAL    :
MEDICINE, CHRISTINE K. CASSEL,:
M.D., LYNN O. LANGDON, M.D.,  :
and ERIC S. HOLMBOE, M.D.     :


**<u>ORDER</u>**


_____AND NOW, this      29th      day of August, 2012, upon

consideration of Plaintiff's Motion for Attorney's Fees Pursuant

to Section 505 of the Copyright Act, it is hereby ORDERED that

the Motion is GRANTED and Defendant is DIRECTED to pay Plaintiff

attorney's fees in the amount of $41,223 within forty-five (45)

days of the entry date of this Order.


                              BY THE COURT:




                              s/J. Curtis Joyner_____
                              J. CURTIS JOYNER,        C.J.


14