IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
AMERICAN BOARD OF INTERNAL      : CIVIL ACTION
MEDICINE                        :
                                :
       vs.                      : NO. 10-CV-2680
                                :
SARAH VON MULLER, M.D.          :
                                :
       vs.                      :
                                :
AMERICAN BOARD OF INTERNAL      :
MEDICINE, CHRISTINE K. CASSEL,  :
M.D., LYNN O. LANGDON, M.S.,    :
and ERIC S. HOLMBOE, M.D.       :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                          **February 26, 2014**

We write now in response to the Opinion issued by the U.S. Court of Appeals for the Third Circuit on October 4, 2013 vacating our award of attorneys' fees to Plaintiff and remanding for recalculation.  For the reasons set forth below, we reinstate our previous award of counsel fees and costs to Plaintiff in the amount of $41,223.00.

**Case History**

Inasmuch as the history, underlying facts and applicable law relevant to this action have been outlined in our previous Memorandum Opinions in some detail, we see no need to recount them here except to the extent necessary to our discussion of the counsel fees issue.  Briefly then, following a two-week jury

trial in this copyright infringement action, Plaintiff was awarded $82,446 in damages on its copyright claim and an additional $8,668 on its breach of contract claim.  Plaintiff petitioned for an award of attorneys' fees asserting that while it had incurred more than $859,000 in litigating its copyright claim through June, 2012, it was seeking "substantially reduced" counsel fees and costs of $371,049.

    After wading through "hundreds of pages of billing entries and thousands of hours" and finding "numerous examples of excessive and unclearly documented billing entries which were too numerous to mention," (Third Circuit Opinion, Case No. 12-3781, Doc. No. 003111409372, pp. 4, 9), in lieu of continuing a line-by-line analysis and in the hope of achieving some judicial economy, we made an across-the-board percentage cut of 50% of the verdict issued on the copyright claim and awarded counsel fees and costs pursuant to the Copyright Act in the amount of $41,223. While noting that such "a blanket reduction would be particularly appropriate in a case like this one," the Third Circuit nevertheless found error in our shortcut and has directed us to fully calculate the lodestar, while observing that we nevertheless "remain free to make adjustments based on [our] assessment of the Lieb factors (complexity, litigation costs, financial circumstances, damages and motive)."  (Third Circuit Opinion, at p. 9).  We now undertake to fulfill this mandate.

In so doing, we note that by its fee petition, Plaintiff submits that it paid the following amounts for the following attorneys, paralegals and technical/support staff to litigate this matter:

    Hara K. Jacobs (Partner): $293,267.00

    Paul Lantieri, III (Partner): $124,723.00

    Steven D. Kim (Associate): $25,294.50

    Corinne Militello (Associate): $149,349.00

    Nicholas H. Pennington (Associate): $143,841.00

    Terrance M. Grugan (Associate): $21,408.00

    Jeffrey B. Goldberg (Associate): $4,856.50

    Rowan L. Smith (Associate): $23,138.00

    Andrew M. Stern (Associate): $20,008.50

    Corey Field (Of Counsel): $559.00

    Keith A. Garland (Sr. Paralegal): $18,356.00

    Gary L. Melhuish (Sr. Paralegal): $506.00

    Caroline P. Pollard (Sr. Paralegal): $644.00

    Rosann Harely-Muto (Paralegal): $8,660.00

    Michael O'Meara (Paralegal): $231.00

    Gianni V. DiMezza (Paralegal) $4,621.50

    Simon Yip (Litigation Support Analyst): $14,298.00

    David J. Proctor (Research Librarian): $294.00

Thus, according to ABIM, it incurred a total of $859,239.50 in

litigating its copyright claim only[1] through June, 2012.  These fees resulted from the expenditure of the following number of hours by each of the foregoing individuals:

    Hara Jacobs: 537.2

    Paul Lantieri, III: 247.6

    Steven D. Kim: 72.5

    Corinne Militello: 426.6

    Nicholas H. Pennington: 478

    Terence M. Grugan: 88.2

    Jeffrey B. Goldberg: 20.9

    Rowan L. Smith: 100.6

    Andrew M. Stern: 80.3

    Corey Field: 1.3

    Keith A. Garland: 84.7

    Gary L. Melhuish: 2.5

    Caroline P. Pollard: 2.8

    Rosann Harely-Muto: 46.3

    Michael O'Meara: 1.1

    Gianni V. DiMezza: 23.7

    Simon Yip: 64.9

    David J. Proctor: 1.4

---

[1] According to Ms. Jacobs' Declaration in Support of Plaintiff's Motion for Attorney's Fees, the Ballard Spahr firm billed ABIM separately for the legal fees incurred in connection with the defense of Dr. Von Muller's counterclaims.  Those bills, totaling over $1 million, are not a part of this motion.  (Hara Jacobs' Declaration, ¶28).

After reviewing the billing entries submitted by Plaintiff's counsel in detail, we have found the following hours submitted by the following attorneys and paralegals to have been improperly documented, unreasonably high and unnecessarily duplicative of the efforts of one another and thus to be properly deductible in calculating a lodestar:

Hara Jacobs: 114.1 hrs.

Paul Lantieri, III: 38.4 hrs.

Steven D. Kim: 42.7 hrs.

Corinne Militello: 205.1 hrs.

Nicholas H. Pennington: 216.2 hrs.

Terence M. Grugan: 16.1 hrs.

Jeffrey B. Goldberg: 8.8 hrs.

Rowan L. Smith: 62.3 hrs.

Andrew M. Stern: 32.4 hrs.

Keith A. Garland: 13.0 hrs.

Gianni V. DiMezza: 5.4 hrs.

Rosann Harley-Muto: 43.3 hrs.

Using an average billing rate for those attorneys who were billed at different rates over the years, we therefore calculate an approximate lodestar in this matter as follows:

Hara Jacobs: 423.1 hrs x $535 = $226,358.50

Paul Lantieri, III: 209.2 hrs x $480= $100,416.00

Steven D. Kim: 29.8 hrs x $337 = $10,042.60

```
Corinne Militello: 205.1 hrs. x $352 = $72,195.20

Nicholas H. Pennington: 261.8 hrs x $300 = $78,540.00

Rowan L. Smith: 38.3 hrs x $230 = 8,809.00

Andrew M. Stern: 47.9 hrs x $257 = $12,310.30

Terence M. Grugan: 72.1 hrs x $235 = $16,943.50

Jeffrey B. Goldberg: 12.1 hrs x $285 = 3,448.50

Corey Field: 1.3 hrs x $430 = $559.00

Keith A. Garland: 71.7 hrs x $220 = $15,774.00

Gianni V. DiMezza: 18.3 hrs x $195 = $3,568.50

Gary L. Melhuish: 2.5 hrs x $230 = $575.00

Simon Yip: 64.9 hrs x $220 = $14,278.00

Caroline P. Pollard: 2.8 hrs x $230 = $644.00

David J. Proctor: 1.4 hrs x $210 = $294.00

Rosann Harley-Muto: 3 hrs x $200 = $600.00
```

**TOTAL: $565,356.10**

In view of these findings and given that more than 426.4 hours and $150,470 was expended on Plaintiff's wholly unsuccessful motion for summary judgment, we believe that Plaintiff's decision to seek "substantially reduced" attorney's fees is well counseled.

This case, however, still begs the question of how much of an award is appropriate under the circumstances. In endeavoring to answer this question and in keeping with the Third Circuit's suggestion, we look again to the various factors delineated in

Lieb v. Topstone Industries, Inc., 788 F.2d 151 (3d Cir. 1986), the validity of which was recognized in Fogarty v. Fantasty, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) and re-affirmed in Lowe v. Loud Records, No. 03-4812, 126 Fed. Appx. 545, 2005 U.S. App. LEXIS 4753 (3d Cir. Mar. 23, 2005), all the while being mindful that we possess considerable discretion in making an award. Specifically, the "factors which should play a part" in the exercise of this discretion "include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogarty, 510 U.S. at 534, n. 19, 114 S. Ct. at 1033, n. 19; Lieb, 788 F.2d at 156; Lowe, 126 Fed. Appx. at 547. In addition, "the relative complexity of the litigation is relevant," ... "a sum greater than what the client has been charged may not be assessed, but the award need not be that large. ... The relative financial strength of the parties is a valid consideration, ... as are the damages, [and W]here bad faith is present that, too, may affect the size of the award." Lieb, id. (citations omitted). Finally, [where] "[t]he sum requested is large, ... it may be both disproportionate to the amount at stake and excessive in light of the plaintiff's resources." Id. Indeed, the Third Circuit has emphasized "that the aims of the statute are compensation and deterrence where

appropriate, but not ruination." Id.

Assessing these factors, we reiterate the findings which we previously made in our Memorandum Opinion of August 29, 2012. Again, this action did not present unusually complex issues and was in fact one of five such copyright infringement suits which ABIM filed in this district against individual physicians whom it learned had purchased test questions from the Arora Board Review and supplied actual test questions to Arora in return.  Indeed, the identities and activities of Dr. Von Muller and these other physicians was determined through the discovery conducted in the action which ABIM first filed (and subsequently settled) against Dr. Rajender Arora and Arora Board Review.  As we noted in our previous Memorandum, "[t]hus, this action is not unique and we would expect that the pleading and discovery processes should have been somewhat truncated as a result."

We also observed that although Dr. Von Muller should certainly have known that what she was doing violated ABIM's copyrights, there was no evidence that she was motivated by a specific intent to harm ABIM - economically or otherwise. Rather, it was clear that she was motivated solely by her desire to pass her examinations and become board certified.  Again, we adhere to our earlier conclusion that while Dr. Von Muller's unlawful behavior should be deterred by an attorneys' fees award, that award should be tempered by the fact that she acted

foolishly rather than as the result of actual malice.

Further, we continue to believe that no punishment should have attended Dr. Von Muller's rather strenuous efforts to defend herself. As the Supreme Court noted in Fogarty, "...defendants who seek to advance a variety of meritorious defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement," "[b]ecause copyright law ultimately serves the purpose of enriching the general public through access to creative works..." See, Fogarty, 510 U.S. at 527, 114 S. Ct. at 1030. And, given that the goal of Section 505 is deterrence - not ruination and the evidence in this matter unmistakably suggests that Dr. Von Muller is no longer practicing and has a large family to help support, we believe that an award in the amount sought by Plaintiff would only serve to ruin.

Finally, we consider also the amount of damages awarded in contrast to what was originally sought. In so doing, it appears that Plaintiff was seeking an award of $196,300 just to replace the questions which were compromised by Dr. Von Muller in ABIM's "questions pool." (See, e.g., N.T. 3/5/12, p. 67).[2] The jury, however, awarded Plaintiff just $82,446 on its copyright infringement claim. This equates to roughly 42% of the amount of

---

[2] Plaintiff's counsel argued to the jury that damages totaling $216,939 would be appropriate to compensate ABIM for both its copyright and its breach of contract claims. (N.T. 3/5/12, 66-68).

damages sought.  We therefore adhere to our original belief that an award of 50% of the total judgment recovered in compensatory attorneys' fees was more than fair.  So saying, we shall reinstate the amount originally awarded by way of the attached order.